**FILED**
**Jul 21, 2021**
**02:02 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **SHANTA BAXTER,** | ) | **Docket No. 2020-05-0697** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **FEDERAL EXPRESS CORP.,** | ) | **State File No. 98745-2017** |
| **Employer,** | ) | |
| **and** | ) | |
| | ) | |
| **AGRI GENERAL INS. CO.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |

---

### EXPEDITED HEARING ORDER DENYING BENEFITS

---

This case came before the Court on July 20, 2021, for an Expedited Hearing on whether Ms. Baxter is likely to prove at a hearing on the merits that she is entitled to psychiatric treatment. To receive these benefits, she must show that her panel physician made a referral and that her need for the requested treatment arose primarily out of and in the course and scope of her employment. The Court holds that Ms. Baxter was unable to meet this burden and denies the requested benefits at this time.

### History of Claim

Ms. Baxter suffered shoulder and arm injuries while working for FedEx on December 18, 2017. FedEx accepted the claim as compensable and provided medical benefits, including treatment for cervical pain, by panel physician Dr. Colin Crosby.

On August 2, 2019, Dr. Crosby placed Ms. Baxter at maximum medical improvement. He concluded his note with the following: "She is having psychological stress due to the failure of her to improve from her work-related injury and has requested to see a psychiatrist which is reasonable."

Ms. Baxter testified that FedEx initially authorized psychiatric treatment but then denied it before she could attend an appointment. She claimed she is still suffering from anxiety and asked to see Dr. Keith Caruso.

FedEx responded that Ms. Baxter is not entitled to the requested treatment because her physical injuries were gradually occurring, and a mental injury that is the result of gradual events is not compensable. It also argued that the statutory definition of "injury" specifically excludes a "psychological or psychiatric response due to the loss of employment or employment opportunities."

### Findings of Fact and Conclusions of Law

In this expedited hearing, Ms. Baxter must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Ms. Baxter seeks an order for psychiatric treatment. Tennessee Code Annotated section 50-6-204(h) provides: "All psychological or psychiatric services available under subdivisions (a)(1) and (b)(1) shall be rendered only by psychologists or psychiatrists and shall be limited to those ordered upon the referral of physicians authorized under subdivision (a)(4)." As the Appeals Board noted in *Beech v. G4S Secure Solutions (USA)*, 2020 TN Wrk. Comp. App. Bd. LEXIS 71, at *9 (Dec. 16, 2020), this means the only issue before the Court at this stage is "whether [Ms. Baxter] came forward with sufficient proof from which the trial court could conclude a panel-selected treating physician made a referral to a specialist."

The only proof before the Court on this issue is a single sentence from Dr. Crosby: "She is having psychological stress due to the failure of her to improve from her work-related injury and has requested to see a psychiatrist which is reasonable." The question then is whether this statement constitutes a "referral" under section 50-6-204(h). The Court finds that it does not.

A plain reading of Dr. Crosby's comment shows that, at most, Ms. Baxter *requested* to see a psychiatrist, and that the doctor felt the request was reasonable. In view of the statute's very specific referral requirement, Dr. Crosby's mere agreement with the reasonableness of Ms. Baxter's desire to see a psychiatrist is insufficient to require FedEx to provide a panel. The Court is not suggesting that any specific phrase or wording is required, but a doctor noting the reasonableness of a patient's request does not constitute an affirmative, intentional referral.

Therefore, without additional medical proof, Ms. Baxter has not shown she is likely to succeed on a claim for psychiatric treatment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Baxter's claim against FedEx for additional medical benefits is denied at this time.

2. This case is set for a Scheduling Hearing on **September 16, 2021, at 9:00 a.m.** The parties must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

   **ENTERED July 21, 2021.**

   _____

   **Judge Dale Tipps**
   **Court of Workers' Compensation Claims**


### APPENDIX

Exhibits:
1. Ms. Baxter's Affidavit
2. Dr. Samuel Crosby's October 31, 2019 progress note
3. Dr. Colin Crosby's August 2, 2019 progress note
4. Medical appointment documents

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. FedEx's Pre-Expedited Hearing Statement

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on July 21, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|------|------|------|
| Shanta Baxter, Employee | X | | X | 3000 Windsor Drive Columbia, TN 38401 shayb301@yahoo.com |
| James Tucker, Employer's Attorney | | | X | jtucker@manierherod.com cc: dstevens@manierherod.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*